**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | : | Criminal Action No. 09-697 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| JAMES ARTFITCH, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the motion to terminate probation, pursuant to 18 U.S.C. § 3564(c), by James Artfitch ("Artfitch"). On June 12, 2023, Defendant filed a motion to terminate probation on a one-page form. The form states one basis for termination: Defendant contends that he "has proven that he meets the criterion based on good conduct for early termination of his probation based on 18 U.S.C. § 3564(c)." Defendant, however, is not on probation and has used the wrong form. He is on supervised release, but the applicable statutory provision, 18 U.S.C.S. § 3583(e), differs little from the provision Defendant cited. That provision states:

> Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553 . . .
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C.S. § 3583(e).

At the outset, the Court notes that 18 U.S.C.S. § 3583(e)(1) does not set criteria for termination of supervision based on "good conduct." The statutory provision authorizes the Court to terminate supervised release at a certain point "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Defendant has not offered this Court any basis to find that termination is both warranted by his conduct and in the interest of justice.

In response to the motion, the United States Probation Office recommended against termination of supervision on the ground that Defendant still owes restitution payments, and that his failure of two polygraph examinations on matters related to prohibited contact with minors and use of internet devices raises concerns about his ability to self-manage outside of supervision. The Government concurs with the recommendation against termination.

Defendant's motion asserts no facts in support of his application. Defendant has not persuaded the Court that he is entitled to early termination of supervision. The Court is not satisfied, pursuant to 18 U.S.C.S. § 3583(e), that early termination of supervised release is warranted by the conduct of the defendant and the interest of justice. The motion will be denied.

For these reasons,

**IT IS** on this 20th day of July, 2023,

**ORDERED** that Defendant's motion for termination of supervised release (Docket Entry No. 59) is **DENIED**.

　　　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J

2